2026 MAR 30 AM8:31
USDC-EDPA REC'D CLERK

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

REGINA MERCEDES GUYTON, Plaintiff

v.

SOUTHERN LAND COMPANY, et al., Defendants

Civil Action No.: 25-CV-4871

**SECOND AMENDED COMPLAINT**

**I. JURISDICTION AND VENUE**

1. This action arises under federal law, including the Fair Housing Act (42 U.S.C. § 3601 et seq.).

2. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1332.

3. The amount in controversy exceeds $75,000.

4. Venue is proper in this district.

**II. PARTIES**

5. Plaintiff Regina Mercedes Guyton is a citizen of Pennsylvania, domiciled in Philadelphia.

6. Defendant Southern Land Company is a citizen of a state other than Pennsylvania.

7. Individual defendants are believed to be citizens of states other than Pennsylvania.

**III. FACTUAL BACKGROUND**

8. Plaintiff engaged in a high-value residential real estate transaction valued at approximately $3,100,000.

9. Plaintiff was ready, willing, and able to proceed.

10. Defendants initially engaged in the transaction.

11. Defendants later engaged in inconsistent and obstructive conduct.

12. Plaintiff is a member of protected classes including color, sex (female), and religion.

13. Defendants treated Plaintiff differently than similarly situated individuals.

14. Defendants represented that financial or transaction-related instruments tied to the purchase were sent.

15. These materials were directed to an address inaccessible to Plaintiff.

16. Plaintiff did not receive these materials and remains deprived of them.

17. This interfered with Plaintiff's ability to complete the transaction and protect her interests.

2026 MAR 30 AM10:22
USDC-EDPA REC'D CLERK

18A. Plaintiff paid substantial sums in connection with the subject transaction, including a reservation payment, approximately $266,000 in tax-related payments, and additional funds toward the purchase price and upgrades. Plaintiff communicated her willingness and ability to complete the transaction and proceeded in good faith.

18B. Defendants represented that financial instruments or returned funds were sent to Plaintiff; however, Plaintiff did not receive any such materials and has no knowledge of their contents.

18C. Upon information and belief, such materials were directed to an address to which Plaintiff did not have access, despite Plaintiff expressly informing Defendants—both verbally and in writing, including on the reservation agreement—that all correspondence was to be sent to her designated mailing address.

18D. Defendants knew or should have known that sending materials to an inaccessible address would prevent Plaintiff from receiving them. As a result, Plaintiff was deprived of access to the alleged instruments or funds, which materially interfered with Plaintiff's ability to complete the transaction and protect her financial interests.

**IV. CLAIMS FOR RELIEF**

**COUNT I – FAIR HOUSING ACT**

19. Defendants discriminated against Plaintiff based on protected characteristics.

20. Defendants violated 42 U.S.C. § 3604(b).

21. Defendants interfered with Plaintiff's rights under 42 U.S.C. § 3617.

**COUNT II – PROMISSORY ESTOPPEL**

22. Plaintiff relied on Defendants' representations.

23. Plaintiff suffered damages as a result.

**COUNT III – NEGLIGENCE**

24. Defendants owed Plaintiff a duty of care.

25. Defendants breached that duty.

26. Plaintiff suffered damages.

**COUNT IV – UNJUST ENRICHMENT**

27. Defendants received benefits unjustly at Plaintiff's expense.

**V. DAMAGES**

28. Plaintiff's damages exceed $75,000.

29. Damages include financial loss, lost opportunity, emotional distress, and inability to access and recover transaction-related funds and instruments.

**VI. PRAYER FOR RELIEF**

2026 MAR 30 AM8:32
USDC-EDPA RECD CLERK

WHEREFORE, Plaintiff requests compensatory damages, punitive damages, injunctive relief, and costs.

**VII. JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

Regina Mercedes Guyton