**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| REGINA MERCEDES GUYTON,<br><br>*Plaintiff,*<br><br>v.<br><br>SOUTHERN LAND CO., et al.,<br><br>*Defendants.* | CIVIL ACTION<br>NO. 25-4871 |

**ORDER**

**AND NOW**, this 5th day of May, 2026, upon consideration of Plaintiff's "Second Amended Complaint," (Dkt. No. 33), the Motion to Dismiss, (Dkt. No. 46), it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The "Second Amended Complaint" is **DISMISSED without prejudice for lack of jurisdiction**.[1] Guyton may pursue her claims in state court.

---

[1] For a fourth time, the Court considers its subject matter jurisdiction over a complaint filed by Regina Mercedes Guyton. After allowing her to amend the initial complaint, the Court dismissed the Amended Complaint for lack of subject matter jurisdiction and instructed her to "be mindful of the Court's reasons for dismissing her claims as explained in this Order." (Mar. 19, 2026 Order ¶¶ 1–2, Dkt. No. 39.) The Court dismissed her next pleading under Rule 12(b)(6) and permitted her to amend "one last time." (Apr. 15, 2025 Mem. Op. at 9–10, Dkt. No. 44.) She did so, now alleging conversion, negligence and unjust enrichment related to a purported real estate transaction in Philadelphia. ("Second Am. Compl." at 3, Dkt. No. 46.) Her latest pleading never mentions anyone's citizenship or any amount in damages.

Federal courts "have an independent obligation to satisfy themselves of jurisdiction if it is in doubt." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003). A plaintiff can satisfy those concerns by pleading either federal question or diversity jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing 28 U.S.C. §§ 1331–32). She alleges the Court has both. ("Second Am. Compl." at 2.)

Once more, Guyton fails to properly allege a basis for federal jurisdiction. First, district courts have federal question jurisdiction over cases "arising under" federal statutes, *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986), but she only asserts claims under Pennsylvania law, ("Second Am. Compl." at 3.)

Second, district courts have diversity jurisdiction over civil actions where (1) the lawsuit is between "citizens of different states" and (2) the "the matter in controversy exceeds the sum or value

3. The Clerk of Court shall **CLOSE** the case.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.

---

of $75,000.'" *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting 28 U.S.C. § 1332(a)(1)). A plaintiff who relies upon this form of jurisdiction must affirmatively plead the citizenship of each party. *See Chem. Leaman Tank Lines, Inc. v. Aetna Cas. And Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999). A person's citizenship, or domicile, is determined by both his physical presence in a state and his intent to remain there. *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011); *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity.") (citations omitted). A corporation's citizenship is determined by both its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Moreover, to dismiss for failure to satisfy the amount in controversy, it must appear to a "legal certainty" that the claims are "really for less" than $75,000. *See Huber v. Taylor*, 532 F.3d 237, 243 (3d Cir. 2008) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)). The claims are "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

Guyton fails both elements. She never pleads anyone's citizenship. Although her prior pleadings included those allegations, "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings." *See Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (per curiam). Nor does she allege damages. She "requests return of all funds, compensatory damages, pre-judgment interest, costs, and any equitable relief deemed appropriate," ("Second Am. Compl." at 3), but nowhere does she list an amount in funds, interest, or costs. So the Court finds with legal certainty that her claims are really for less than $75,000.